[Cite as *State v. Lacking*, 2016-Ohio-5297.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | Nos. 16AP-163<br>(C.P.C. No. 09CR-5537) |
| Ivan J. Lacking, | : | and 16AP-164<br>(C.P.C. No. 09CR-5876) |
| Defendant-Appellant. | : | |
| | : | (REGULAR CALENDAR) |

D E C I S I O N

Rendered on August 9, 2016

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellee.

**On brief:** *Ivan J. Lacking*, pro se.

APPEALS from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Ivan J. Lacking is appealing from the trial court's rulings on motions he filed in the Franklin County Court of Common Pleas. He assigns two errors for our consideration:

> [I.] The Trial Court Erred as a matter of law, and abused its discretion, when the Trial Court failed to comply with separation-of-powers concerns and to fulfill the requirements of the Post-Release Control Sentencing Statutes, especially R.C. 2929.14(F), R.C. 2929.19(B), and R.C. 2967.28, where a Trial Court <u>must</u> provide Statutorily Compliant Notification to Defendant regarding the details of the consequences of violating Post-Release Control and properly imposing that notification, both at the Sentencing hearing and in the Judgment Entry of Conviction.

> [II.] The Trial Court abused its discretion, causing unnecessary delays in the proceedings and failure to comply with Statutorily Mandated terms by law and Statutes.

{¶ 2}   Lacking was indicted on a series of armed robberies which occurred in 2009.  Eventually a plea bargain was worked out.  He pled to a third-degree felony of robbery with a firearm specification in each of the two case numbers.  Several other charges were dismissed.

{¶ 3}   The State of Ohio and the defense recommended concurrent sentences of three years on the robberies and consecutive sentences on the firearm specifications, for a total of nine years of incarceration.  The guilty plea forms signed by Lacking indicated that he would serve a term of three years of post-release control on each robbery.  Lacking was sentenced accordingly.

{¶ 4}   Over four years later, Lacking filed a motion requesting a new sentencing hearing.  He followed this motion with a motion requesting judgment on the pleadings.

{¶ 5}   The trial court judge assigned to the case viewed the motions as forms of petitions for post-conviction relief and overruled them as untimely.  Lacking then pursued this set of appeals.

{¶ 6}   Lacking received all the benefits of the plea bargain into which he entered. Lacking also received complete information about post-release control, including what would happen to him if he violated the terms of his post-release control.  No error was committed in the trial court by either the judge who sentenced him or the judge who has now assumed responsibility for that docket.

{¶ 7}   In his second assignment of error, he asserts that the new trial court judge should have ruled on his motions more quickly.  The minimal delay did not prejudice him. He was not entitled to relief based upon his motions.

{¶ 8}   The second assignment of error is overruled.

{¶ 9}   Contrary to what he argues in his appellate brief, Lacking was provided all the information required about post-release control at the time of his sentencing, including what would happen if he violated the terms of his post-release control.  Nothing about the proceedings made his sentences void or voidable.  Nothing occurred which

excused him from complying with the time limits for filing petitions for post-conviction relief.

{¶ 10}  The first assignment of error is overruled.

{¶ 11} Both assignments of error having been overruled, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

SADLER and HORTON, JJ., concur.

————————————